UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

| CARMANITA GONZALES, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | Case No. 1:09-cv-541 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN, et al., | ) ) ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Defendants. | ) | |
| | ) | |

This is a civil action brought by a *pro se* plaintiff. Plaintiff initiated this case in the Michigan Court of Claims, which sits in Lansing, Michigan, by filing a complaint on June 1, 2009, naming as defendants the United States District Court for the Eastern District of Michigan, perhaps Magistrate Judge Virginia M. Morgan of that court, and the Federal Public Defender's Office for the Eastern District of Michigan. Plaintiff's *pro se* complaint arose from her plea-based conviction in the Eastern District of Michigan on misdemeanor charges of failure to allow inspection of her purse, failure to comply with a lawful order, and disorderly conduct. These charges stem from an incident that occurred on December 14, 2007, when plaintiff allegedly attempted to bring a canister of pepper spray into a Social Security Office in Hamtramck, Michigan. Plaintiff's complaint alleges only that the "two state agencies" interfered with her right to a fair trial. (Compl., docket # 1-3). Plaintiff seeks only an award of damages. By notice of removal dated June 10, 2009, the United States removed the matter to this court.

The United States of America, acting on behalf of the United States District Court for the Eastern District of Michigan, has moved to dismiss this case on grounds of sovereign immunity. (Motion, docket # 7). The Federal Public Defender's Office for the Eastern District of Michigan has moved for summary judgment (Motion, docket # 10) attaching to its motion documents relating to that Office's representation of plaintiff in the misdemeanor prosecution in the Eastern District. United States District Judge Robert Holmes Bell has referred this matter to me for all pretrial purposes, including the filing of a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b). I conducted a hearing on the motions on August 17, 2009, at which all parties appeared and at which plaintiff was given an opportunity to explain the basis for her claims. Upon review of the record, I conclude that plaintiff's complaint suffers from numerous, fatal defects and that defendants' motions should be granted.

**Proposed Findings of Fact**

The following facts are established by the affidavit of Loren Khogali, an Assistant Federal Public Defender in the Eastern District of Michigan, and exhibits thereto.

The Eastern District criminal prosecution arose from an incident that took place at a Social Security Administration Office on December 14, 2007, as a result of an altercation between plaintiff and guards at a Social Security Office located in the Detroit area. Because of plaintiff's alleged possession of pepper spray and her refusal to allow inspection at the Social Security Office, an officer of the Federal Protective Services issued plaintiff three violation notices, charging her with failure to allow inspection of her purse, failure to comply with a lawful direction of an officer of the Federal Protective Services, and disturbing the peace.

Plaintiff made her initial appearance before Magistrate Judge Virginia Morgan on April 2, 2008. At that point, she informed the court that she wished to contest the charges and entered a plea of not guilty. The court appointed the Federal Public Defender's Office to represent plaintiff, pursuant to the Criminal Justice Act. Plaintiff met on the same day with Attorney Loren Khogali of the Federal Public Defender's Office and returned to court with counsel to confirm the not-guilty plea. The court set a trial date for June 12, 2008.

Ms. Khogali's affidavit and exhibits indicate that she met with plaintiff on April 8, 2008, to discuss a number of matters, including exploring pretrial diversion. Ms. Khogali's letters indicate that she thereafter conducted pretrial investigation and attempted to assemble relevant documents. By letter dated May 15, 2008, Ms. Khogali advised plaintiff that she would probably lose if she went to trial and further advised her of the penalties that she faced in that event. The letter of May 15 reiterated the government's offer to allow plaintiff to participate in the pretrial diversion program, but recited that plaintiff had reiterated her lack of interest in the offer.

On May 27, 2008, plaintiff telephoned Ms. Khogali and told her that she had paid the tickets in full and provided her with confirmation numbers from the Central Violations Bureau website. At the August 17, 2009 hearing, plaintiff stated on the record that she has not taken any action to challenge the validity of these three convictions.

## Discussion

**1.**

The United States District Court for the Eastern District of Michigan is a federal district court created by act of Congress. 28 U.S.C. § 102(a). As such, the court is part of the federal judiciary, a co-equal branch of the United States government. U.S. CONST. art. III. The United States has moved to dismiss all claims against the United States District Court for the Eastern District of Michigan, on the ground of sovereign immunity.

The United States is immune from suit under the doctrine of sovereign immunity. *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *Munaco v. United States*, 552 F.3d 651, 652-53 (6th Cir. 2008). Plaintiff has the burden of establishing that the government has waived sovereign immunity and of identifying the specific statutory provision containing the waiver. *See Freeman v. United States*, 556 F.3d 326, 334-35 (5th Cir. 2009); *Snyder v. United States*, 523 F.3d 1179, 1182-83 (10th Cir. 2008). The waiver must be express and will not be implied. *Lane v. Pena*, 518 U.S. 187, 192 (1996). The scope of any waiver of sovereign immunity is to be strictly construed in favor of the sovereign. *See Department of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 261 (1999).

Plaintiff has failed to cite any act of Congress consenting to suits against district courts arising from their handling of criminal prosecutions. All claims against the United States District Court for the Eastern District of Michigan must therefore be dismissed on grounds of sovereign immunity.

**2.**

It is unclear whether plaintiff meant to name Magistrate Judge Virginia Morgan as a party defendant. Judge Morgan's name appears on the summons, but not on the complaint. If plaintiff is seeking to recover against Judge Morgan, all claims against her are barred by the doctrine of judicial immunity.

"[J]udicial immunity is an immunity from suit." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). The Supreme Court has made it clear that absolute judicial immunity is overcome "in only two sets of circumstances." *Id.* First, a judge is not immune for non-judicial actions, *i.e.*, actions not taken in a judicial capacity. *Id.* Second, a judge is not immune for actions, although judicial in nature, done in complete absence of all jurisdiction. *Id*. In determining whether certain conduct is judicial in nature, the court must adopt a functional approach, asking whether the act is one normally performed by a judge. *Stump v. Sparkman*, 435 U.S. 349, 362 (1978); *Wagenknecht v. United States*, 533 F.3d 412, 418 n.5 (6th Cir. 2008). Federal magistrate judges acting within the scope of their authority are protected by the doctrine of judicial immunity. *See, e.g., Bailey v. Kay*, 296 F. App'x 96 (D.C. Cir. 2008); *Thompson v. Michigan Dep't of Corr.*, 25 F. App'x 357, 358 (6th Cir. 2002).

At oral argument, plaintiff asserted that Magistrate Judge Morgan violated her rights by appointing an incompetent Federal Public Defender and by continuing to speak to her after advising her of her right not to speak. The appointment of counsel and addressing a defendant personally are judicial functions that fall within the core of a magistrate judge's duties in conducting initial appearances in misdemeanor cases. *See* FED. R. CRIM. P. 58. Consequently, even if Judge Morgan's actions were erroneous, she is entitled to absolute judicial immunity against any damage claim by plaintiff.

**3.**

Plaintiff's claims against the United States defendants are barred on a separate and independent ground. Plaintiff seeks an award on the ground that she was wrongfully convicted and therefore was made to suffer emotional distress and other damages. Plaintiff's convictions, however, are final and have not been overturned on appeal or otherwise. Plaintiff's claims are therefore barred by the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994).

In *Heck*, the Supreme Court held that a civil rights claim that necessarily implies the invalidity of plaintiff's criminal conviction is not cognizable under § 1983 until plaintiff's conviction has been overturned. 512 U.S. at 486-87. "[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *Edwards v. Balisok*, 520 U.S. 641, 646 (1997). The Sixth Circuit has consistently held that *Heck* bars *Bivens* actions against federal officers if a ruling on the claim would necessarily imply the invalidity of a federal conviction. *See Lanier v. Bryant*, 332 F.3d 999, 1005 (6th Cir. 2003); *Robinson v. Jones*, 142 F.3d 905, 906-07 (6th Cir. 1998). Plaintiff's claims are therefore subject to dismissal on this ground as well, as they are premised on damages flowing from her allegedly wrongful conviction.

**4.**

The Federal Public Defender's Office for the Eastern District of Michigan is a Federal Public Defender organization created under the Criminal Justice Act, 18 U.S.C. § 3006A(g)(2)(A). That defendant has moved for summary judgment. The motion acknowledges that the Federal Public

Defender's Office may be subject to suit, but asserts that plaintiff has not alleged or proven any breach of duty by the Defender's Office in connection with its representation of plaintiff in the misdemeanor proceeding. Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *S.S. v. Eastern Ky. Univ.*, 532 F.3d 455, 452 (6th Cir. 2008). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *El Bey v. Roop*, 530 F.3d 407, 413 (6th Cir. 2008) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Smith v. Williams-Ash*, 520 F.3d 596, 599 (6th Cir. 2008).

When the party without the burden of proof seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings. FED. R. CIV. P. 56(e); *see Helms v. Zubaty*, 495 F.3d 252, 255 (6th Cir. 2007). The motion for summary judgment forces the nonmoving party to present evidence

sufficient to create a genuine issue of fact for trial. *See Alexander v. CareSource*, No. 08-3880, __ F.3d __, 2009 WL 2475355, at * 3-4 (6th Cir. Aug. 14, 2009); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990). "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].'" *Daniels v. Woodside*, 396 F.3d 730, 734 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252); *see Martin v. Cincinnati Gas & Elec. Co.*, 561 F.3d 439, 443 (6th Cir. 2009).

Plaintiff has failed to meet her burden to come forward with even a scintilla of evidence to support her claims against the Federal Public Defender's Office or any of its employees. At oral argument, plaintiff asserted that her Assistant Defender, Ms. Khogali, is not licensed to practice in the State of Michigan. This assertion is correct, but irrelevant. Every federal district court has independent authority to license attorneys who practice before it. *See In re Mosher*, 25 F.3d 397, 399-400 (6th Cir. 1994); *see also Stilley v. Bell*, 155 F. App'x 217, 219 (6th Cir. 2005). Local Rule 83.20(c)(1) of the Eastern District provides the standard for eligibility for admission to the bar of the court. That rule provides that a person who is admitted to practice in a court of record in any state, territory, commonwealth, or possession of the United States, or the District of Columbia, or a United States district court, and who is in good standing, is eligible for admission to the bar of that court. E.D. MICH. L.R. 83.20(c)(1). Consequently, plaintiff's assumption that assistant federal public defenders must be licensed to practice in the State of Michigan is simply false. Ms. Khogali is eligible for admission to the bar of the Eastern District as long as she is a member in good standing of the bar of any state, territory, the District of Columbia, or any federal court.

When faced with the Federal Public Defender's well-supported motion for summary judgment, plaintiff had the affirmative obligation to come forward with some proof that defendant

breached a duty to her. The record is utterly devoid of any such proof, or even a colorable allegation. Defendant Federal Public Defender's Office is therefore entitled to summary judgment in its favor.

**Recommended Disposition**

For the foregoing reasons, I recommend that the motion of the United States District Court for the Eastern District of Michigan to dismiss (docket # 7) be granted, both for lack of jurisdiction and for failure to state a claim upon which relief can be granted against the court or against Magistrate Judge Morgan. I further recommend that the motion for summary judgment filed by the Federal Public Defender's Office (docket # 10) be granted and that judgment be entered in its favor and against plaintiff.


Dated: August 18, 2009           /s/ Joseph G. Scoville
                                 United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Neuman v. Rivers*, 125 F.3d 315, 322-23 (6th Cir.), *cert. denied*, 522 U.S. 1030 (1997); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).